

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1465-13

**THOMAS DALE DELAY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

You can always tell when an opinion is written with the outcome decided before any legal analysis is done because it reads like a medical report written by a doctor who has never conducted a physical examination of the patient. This is precisely how the court of appeals' opinion in this case comes across. The court of appeals concluded the evidence to be insufficient to sustain Appellant's conviction but directly misapplied the sufficiency of the evidence standards. *See DeLay v. State*, 410 S.W.3d 902 (Tex. App.–Austin 2013, pet.

granted). In his dissent, Justice Jones aptly points out all of the correct criteria for sufficiency that was completely ignored by the majority. *Id*. at 917-19 (Jones, J., dissenting). Due to this misdiagnosis by the court of appeals, the State had to file a petition for discretionary review in our Court.

At oral argument before our Court, the State presented an accurate and clear rendition of how the sufficiency analysis should have been conducted in this case and how it would have indicated that Appellant's conviction was proper. Soon thereafter, however, counsel for Appellant was quick to set this court straight on what we really needed to do, stating:

> There is a fine line between prosecution and persecution that was crossed, and has been crossed, and continues to be crossed over the past decade when a prosecutorial posse essentially does what it has to do to manufacture an illegal act out of a series of legal ones . . . When the third court shut the State down last September, in an equally bankrupt maneuver, concluding that the evidence was legally insufficient that Tom DeLay was guilty of money laundering and conspiracy. And when this Court does what the law requires, to affirm the ultimate decision of the third court of appeals, it will do what needs to be done. And that is to shut down, once and for all, this decade long quest of manufacturing an illegal act out of a series of legal ones.

Based upon these marching orders, the majority has followed Appellant's instructions and crafted an opinion which is just as deficient in its analysis as the one from the court of appeals.

The majority in this case has changed the law and ignored the facts in order to arrive at a desired outcome, as it has done before. *See Baird v. State*, 398 S.W.3d 220 (Tex. Crim.

App. 2013)[1]; *Wehrenberg v. State*, 416 S.W.3d 458 (Tex. Crim. App. 2013)[2]. To hold, for the first time, that Section 253.003(a) of the Election Code requires the actor to be aware that his actions constitute a violation of the Texas Election Code completely neuters this crime. It places a burden on the State that is impossible to overcome. How does the State gather enough evidence to prove that the corporation knew the actions violated the Election Code? What constitutes enough evidence to show knowledge? Which person in the corporation will be charged with the knowledge of the entire corporation? In addition to placing this ridiculous burden on the State, which effectively repeals the statute, this holding also allows corporations who simply cannot be bothered to look up the law to get away with making illegal contributions. When faced with a similar question in *Osterberg v. Peca,* 12 S.W.3d 31 (Tex. 2000), the Texas Supreme Court came out on the other side, holding that "knowingly" modified only the conduct of the offense rather than the attendant circumstance, as the majority should have held here. In fact, even though the burden in its civil cases is far less than "beyond a reasonable doubt," the Texas Supreme Court still did not believe that knowledge of illegality was an element of the offense. Further, it should be noted that Section 253.003(b), the provision that immediately follows the one at question here, states

---

[1]The majority in *Baird* held, for the first time, that in order for evidence to be suppressed under Article 38.23 of the Texas Code of Criminal Procedure, the defendant has the burden to prove that the State committed a crime in obtaining the evidence.

[2]In *Wehrenberg*, in an effort to support its conclusion that evidence was derived from an independent source rather than a warrantless entry, the majority ratified, for the first time, the State's actions in obtaining a search warrant based on the prediction of a future crime, rather than one that had already been committed.

that "A person may not knowingly accept a political contribution the person knows to have been made in violation of this chapter." There, the Legislature specifically identifies that the actor must know of the illegality. In the provision that immediately precedes it, however, the Legislature makes no such clarification. If the Legislature intended what the majority now holds, it would have worded the provision in the same way it did Section 253.003(b): a person may not knowingly make a political contribution the person knows to be in violation of this chapter. The reality here is that the majority is eager to keep Appellant from going to prison, and, as a result, it has done one better than what the appellant's attorney even asked for.

When you consider the elements of this crime as they should be, without the new addition of knowledge of illegality, the State presented sufficient evidence to support the conviction. Given that the evidence presented indicates that TRMPAC conveyed to the corporations that their donations would be used for individual campaigns, a rational juror could have concluded that the corporations made the donations with the intent that the money go to candidates. This means that the jury could rationally decide that the initial donations violated the law and were, therefore, proceeds of criminal activity.

Although the majority agrees that there was evidence that the corporations knew the donations would go to candidates, it concludes that this is not enough to affirm the conviction because the State also needed to prove the corporations actually knew their contributions would violate the Texas Election Code. This holding is incorrect, and in crafting an opinion

to suit only the majority's desired outcome for this case, it has changed the law, which leaves unfortunate and lasting effects on our jurisprudence, as is illustrated by *Baird* and *Wehrenberg*. The result of this particular case is that a corporation may now make election donations with immunity, since the State would never be able to prove it did not actually *know* the contribution violated the law. Because I would hold that knowledge of illegality is not an element of the crime, and that a rational jury could have found the essential elements of the crime charged beyond a reasonable doubt, as the rational jury in the case did, I respectfully dissent.

Meyers, J.

Filed: October 1, 2014

Publish